IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>TRACY ANTONIO HOWARD,<br><br>      Defendant. | No. 3:07-cr-0638-02-JAJ<br><br>**ORDER** |

      This matter comes before the court pursuant to the defendant's May 17, 2019 Motion for a Reduction of Sentence Under § 404 of the First Step Act. [Dkt. 175] The defendant is represented by the Federal Public Defender. The government is represented by Assistant United States Attorney Richard Westphal. The defendant's motion is denied.

      In this case, the defendant seeks to take advantage of § 404 of the First Step Act of 2018 which gives retroactive application to the Fair Sentencing Act of 2010. The defendant was convicted of a conspiracy involving more than fifty grams of crack cocaine. This, together with his prior felony drug convictions, subjected him to mandatory life incarceration when he pleaded guilty. The defendant contends that giving retroactive application to the Fair Sentencing Act means that the defendant is no longer subject to mandatory life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) but rather a range of imprisonment from ten years to life pursuant to 21 U.S.C. § 841(b)(1)(B). Among other things, the government contends that because the defendant admitted to responsibility for more than 280 grams of crack cocaine as a part of his plea agreement, he is still subject to the penalties found in § 841(b)(1)(A) and giving retroactive application to the Fair Sentencing Act affords this defendant no relief.

## I. Procedural History

The defendant was named in a two count indictment filed herein on December 13, 2007.   [Dkt. 10]   Count 1 charged a conspiracy involving more than fifty grams of crack cocaine.   Count 2 charged distribution of crack cocaine.   The government filed a notice pursuant to 21 U.S.C. § 851 indicating that the defendant had previously been convicted of two felony drug offenses.   [Dkt. 32]

The defendant and the government entered into a plea agreement that was filed herein on April 2, 2008.   [Dkt. 34]   In it, the defendant agreed to plead guilty to Count 1 and acknowledged that he had two prior felony drug convictions.   In addition, the defendant admitted that he possessed and distributed in excess of 500 grams of cocaine base during the course of the conspiracy.   [Dkt. 34, ¶7; Attachment A, ¶1]   He was sentenced to life imprisonment without parole on May 27, 2009.   [Dkt. 88]

## II. Analysis

The court concludes that the dispositive issue presented by this motion is whether the defendant's admission to responsibility for more than 280 grams of crack cocaine as a part of his guilty plea deprives him of relief under the First Step Act's grant of retroactive application of the Fair Sentencing Act.   The defendant contends that the indictment charging fifty grams and more of crack cocaine controls and that giving retroactive application of the Fair Sentencing Act means that this is no longer a ten years to life incarceration case, but rather five to forty years (prior to enhancements for prior felony drug convictions).   The government contends that the defendant's admission to more than 280 grams of crack cocaine after the Fair Sentencing Act subjects the defendant to ten years to life incarceration today and, therefore, should subject the defendant to that same punishment for behavior prior to the Fair Sentencing Act.

The indictment in this case tracked the statutory language in effect at the time and cited to the ten years to life incarceration penalty section, 21 U.S.C. § 841(b)(1)(A).

The government argues that it should not be held responsible for its inability to predict what Congress might do a decade later, and make retroactive. The defendant contends that his admission to more than 280 grams of crack cocaine can only be used by the court to determine whether he exceeded the fifty gram threshold in effect prior to the Fair Sentencing Act. He does not cite authority for this proposition.

As the Eighth Circuit Court of Appeals has made clear, "The First Step Act applies to offenses, not conduct, see First Step Act § 404(a), and it is [a defendant's] statute of conviction that determines his eligibility for relief." *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019) (citing *United States v. Beamus*, No. 19-5533, 943 F.3d 789, 792 (6th Cir. Nov. 21, 2019); *United States v. Wirsing*, 943 F.3d 175, 186 (4th Cir. 2019)). Thus, a defendant's stipulation or admission, at the time of his or her original sentencing, to a quantity of crack or powder cocaine in excess of the amount for a mandatory minimum sentence under the Fair Sentencing Act does not make a defendant ineligible for a reduction in sentence under the First Step Act. What the Eighth Circuit Court of Appeals has not decided is whether a reduction is appropriate in such circumstances.

It appears, however, that courts to consider that question directly have concluded that a reduction is not appropriate in these circumstances. As the Eleventh Circuit Court of Appeals explained, albeit in an unpublished decision,

> [T]he district court was not "expressly permitted by" the terms of the First Step Act to reduce [defendant Brown's] sentence. See 18 U.S.C. § 3582(c)(1)(B). The First Step Act allows district courts to reduce sentences of defendants who distributed less than 280 grams of cocaine. Because Brown admitted that he was responsible for distributing 1,500 grams of cocaine, he remains subject to the same mandatory minimum sentence and a maximum sentence of life imprisonment. The First Step Act cannot serve as a basis to reduce Brown's sentence.

*United States v. Brown*, ___ F. App'x ___, ___, No. 19-10926, 2020 WL 773012, at *2 (11th Cir. Feb. 18, 2020).

Other courts agree. *See, e.g., United States v. Hopper*, No. 1:05 CR 596, 2020 WL 759578, at *2 (N.D. Ohio Feb. 14, 2020) (concluding that, where the defendant pleaded guilty to possessing 312.3 grams of crack, over the 280-gram threshold to trigger a 10-year mandatory minimum under the Fair Sentencing Act, there was no basis for a reduction in the defendant's term of incarceration); *United States v. Mockabee*, No. 110CR00003SEBDML, 2020 WL 419349, at *4 (S.D. Ind. Jan. 27, 2020) (holding that, even though the 50 grams of crack to which the defendant originally stipulated no longer implicated a 10-year mandatory minimum, his stipulation of 5 kilograms of powder cocaine still did, which left the court without any discretion to reduce his sentence below the previously-imposed mandatory minimum); *United States v. Morrison*, No. 07-CR-003 (LAP), 2019 WL 6732877, at *3 (S.D.N.Y. Dec. 11, 2019) (holding that, where the defendant had stipulated to 150 grams of crack cocaine in his plea agreement, an amount above the 5 grams charged in the indictment, and above the 28 grams now required for a 5-year mandatory minimum under the Fair Sentencing Act, reducing his sentence would give him an undeserved windfall, so a reduction was denied); *United States v. Brown*, No. 1:00-CR-290, 2019 WL 6170574, at *2 (N.D. Ohio Nov. 20, 2019) (holding that, where the defendant admitted in his plea to possessing 365.9 grams of crack—above the threshold quantity for a 10-year mandatory minimum before and after the Fair Sentencing Act—his statutory mandatory minimum sentence was the same, and no reduction was appropriate); *United States v. Roman*, No. 3:06CR268 (JBA), 2019 WL 5727412, at *5 (D. Conn. Nov. 4, 2019) (holding that, although the defendant's conviction involving 50 grams of crack no longer implicated a 10-year mandatory minimum, his conviction involving 5 kilograms of cocaine powder still did, so no reduction was appropriate); *United States v. Dennis*, No. CR 06-00108-KD-B, 2019 WL 3936449, at *3 (S.D. Ala. Aug. 20, 2019) (holding that, although the Fair Sentencing Act increased the quantity of crack cocaine from 5 grams to 28 grams for a mandatory minimum, the defendant's conviction for 34 grams still subjected him to the same statutory mandatory minimum, so

the court was without any authority to sentence the defendant below the statutory minimum); *United States v. Curb*, No. 06 CR 324-31, 2019 WL 2017184, at *3 (N.D. Ill. May 7, 2019) (holding that, where the defendant stipulated to 4.5 kilograms of crack, his mandatory minimum sentence remained the same before and after the Fair Sentencing Act, so a reduction was not authorized). Indeed, this court has found no decision expressly holding to the contrary. But *see United States v. Pittman*, No. 3:07-CR-277-J-32JBT, 2020 WL 364181, at *4 (M.D. Fla. Jan. 22, 2020) (concluding that it need not decide the effect of a defendant's acceptance of responsibility for a drug quantity that requires a 10-year mandatory minimum even under the Fair Sentencing Act, because the court determined, in its discretion, to reduce the defendant's sentence only down to the minimum mandatory, i.e., from 135 months to 120 months, based on other factors); *United States v. King*, 423 F. Supp. 3d 481 (M.D. Tenn. 2019) (concluding that the defendant's stipulation to a quantity still in excess of the mandatory minimum under the First Step Act did not make him ineligible for a later reduction in sentence, but never considering the impact of the stipulation on his new sentence).

     If the goal of giving retroactive application to the Fair Sentencing Act is to treat defendants the same before and after the enactment of the Fair Sentencing Act, then that has been accomplished here.  This defendant was informed of the government's intention to prove drug quantity sufficient to subject him to a mandatory life sentence, given his prior felony drug convictions.  He then admitted to responsibility for a quantity of crack cocaine that qualifies for such treatment today and, therefore, then as well.  In some respects, it is a harsh result, especially in light of the fact that one of the defendant's prior felony drug convictions was for possession of a controlled substance. The court would not have given this defendant a mandatory life sentence but for the fact that it was mandatory.  However, the court is persuaded, for the reasons expressed above, that the defendant is not entitled to relief.

Upon the foregoing,

**IT IS ORDERED** that the defendant's May 17, 2019 Motion for a Reduction of Sentence Under § 404 of the First Step Act [Dkt. 175] is denied.

**DATED** this 27th day of April, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA